# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PETRA RAMIREZ
and ROBERT RAMIREZ,

        Plaintiffs,

    vs.                                                             CIVIL NO. 99-710 RLP/LFG

WAL-MART STORES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on Defendant's Motion for Judgment on the Pleadings **(Docket No. 14)**, the court having read said motion, the memoranda in support of and in opposition to said motion and otherwise being fully advised, finds that the motion is well taken and shall be **granted.**

## INTRODUCTION

Defendant raises the statute of limitations defense. The facts pertinent to the statute of limitations defense are not in dispute. Plaintiffs filed their original Complaint for Damages in the Sixth Judicial District Court, Grant County, State of New Mexico, on July 30, 1997. This Complaint for Damages alleged personal injuries suffered by Plaintiffs on or about July 30, 1994 while shopping in Defendant's Silver City, New Mexico store. The Complaint for Damages was removed to this Court pursuant to 28 U.S.C. § 1446(d) on August 28, 1997. On March 26, 1999 the parties entered into a Stipulated Order of Dismissal Without Prejudice (*Petra Ramirez and Robert Ramirez v. Wal-Mart Stores, Inc.,* CV No. 97-1162 - Docket No. 32). This Stipulated Order of Dismissal provided that Plaintiffs would be allowed to re-file their complaint against Defendant within 90 days of March

26, 1999. The stipulation further provided that if the complaint was not filed within this 90-day period, Defendants would assert the statute of limitation defense and Plaintiffs' claims would be time-barred. Plaintiffs filed the present action with this Court on June 25, 1999. Hence, Defendant argues Plaintiffs' complaint is time-barred since the present complaint was filed 91 days after this matter was dismissed without prejudice.

**DISCUSSION**

Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice. Fed.R.Civ.P. 12(c). A motion pursuant to Rule 12(c) is generally treated in the same manner as a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss. *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir. 1998). The court accepts all well-pleaded allegations of the non-moving party as true and views all facts in a light most favorable to the non-moving party. *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). A motion for a judgment on the pleadings will be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. *Burns Int'l Security Servs., Inc., v. United Plant Guard Workers of America,* 47 F.3d 14, 16 (2d Cir. 1995).

There are no material facts in dispute. The court has reviewed the pleadings and has taken judicial notice of the Stipulated Order of Dismissal filed in *Ramirez v. Wal-Mart Stores, Inc.,* Civil No. 97-1162 LCS/JHG. There is no question that the present action was filed 91 days after the prior action was dismissed without prejudice. Plaintiffs' argument is that Fed.R.Civ.P. 6(e) is applicable and, therefore, Plaintiff had an additional three days to file this action which would have extended the deadline from June 24, 1999 to June 27, 1999. Plaintiffs argue Rule 6(e) is applicable because the

court mailed the Stipulated Order of Dismissal on March 26, 1999.

The single issue before the court is whether Fed.R.Civ.P. 6(e) applies to extend a deadline set forth in a stipulated order of dismissal, when the court mails the stipulated order to all parties of record. If Rule 6(e) is applicable, Plaintiffs' re-filing of their original complaint is timely. If Rule 6(e) is not applicable, Plaintiffs' complaint is barred by the three-year statute of limitations. *See* N.M.S.A. 1978, § 37-1-8 (1999).

Fed.R.Civ.P. 6(e) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

The plain meaning of this rule is that whenever a rule permits an act to be accomplished within a time certain after "the service of a notice", an extra three days may be added to the response time if service is made by mail.

The Stipulated Order of Dismissal required Plaintiffs to re-file their complaint "within 90 days of the date of this order. . ." The 90 days commenced running from the date the order was filed by the court clerk, not from the date of service. Hence, a plain meaning interpretation of the rule favors the non-application of Rule 6(e). Professor Moore favors this interpretation: "Rule 6(e) does not apply to time periods that begin with the filing in court of a judgment or an order."
1 James Wm. Moore *et al., Moore's Federal Practice* ¶ 6.05 [3] (3d ed. 1999).

The Tenth Circuit Court of Appeals has also adopted this plain meaning interpretation. In *Parker v. Board of Public Utilities of Kansas City,* 77 F.3d 1289, 1291 (10th Cir. 1996), a race and sex discrimination case, the trial court granted defendants' motion for summary judgment. Thereafter, the plaintiff filed a motion to amend the judgment pursuant to Rule 59(e), which requires

that such a motion be filed within 10 days after entry of the judgment. Fed.R.Civ.P. 59(e). The plaintiff filed her motion 13 days after entry of the trial court's summary judgment. The plaintiff argued she was entitled to three additional days to serve her Rule 59 motion since she received notification of the trial court's entry of summary judgment by mail. The court found plaintiff's argument unpersuasive:

> "The 3 additional days Plaintiff refers to her in her argument are only available '[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period <u>after the service</u> of a notice of other paper upon the party and the notice or paper is served upon the party by mail'."

*Id.* at 1291 (emphasis by the court). *Accord: Halicki v. Louisiana Casino Cruises,* 151 F.3d 465, 468 (5th Cir. 1998).

Therefore, because the prescribed period in the instant case was not calculated after the service of a notice upon Plaintiff, the 90-day period of time began to run from the date of the filing of the Stipulated Order of Dismissal. Rule 6(e) simply does not apply under these circumstances. Plaintiffs' re-filing of their original Complaint is untimely. Plaintiffs' Complaint is barred by the three-year statute of limitations.

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is granted.

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Felix Jaramillo, Esquire - Attorney for Plaintiffs
A. Brent Bailey, Esquire - Attorney for Defendant